Ferneding, J.
The administrator of Gertrude Perrill brought this action originally to recover damages for wrongful death.
Decedent, it appears, was riding in the rear seat of an automobile owned by Kate Decker and driven by Harold Decker. The automobile contained the driver, Harold Decker, his father, Clifford Decker, both of whom occupied the front seat, and Kate Defcker and the decedent, occupying the rear seat. The party were driving north from Circleville on the Columbus pike and turned to the east into what defendant claims to be a private road, but which plaintiff denies is a private road. This road crosses the tracks of The Scioto Valley Traction Company, and it was at this crossing the automobile was struck by a traction car of the defendant company running at a high rate of speed. The two women in the automobile were killed, one instantly, and the other died a short time thereafter as a result of the accident; Harold Decker, the driver, was severely injured, but recovered, and his father, Clifford Decker, although thrown a considerable distance by the collision, was practically uninjured. The case was tried to a jury, resulting in a verdict and judgment in favor of defendant. The assignments of error upon which counsel for plaintiff in error chiefly rely are:
*277 1. Errors in ruling upon the admission and rejection of evidence.
2. Errors in refusing to limit the application of said evidence.
3. Errors in refusing to give certain charges requested by plaintiff before argument.
4. Weight of the evidence.
The plaintiff objected to the exclusion of certain evidence which related to the alleged changed conditions due to the relocation of certain poles. The witness, Charles Bell, was asked:
“Q. Now, Mr. Bell, what, if anything, did you notice at that time and place with reference to any telephone poles or telegraph poles extending along the highway of The Scioto Valley Traction Company in a northerly direction ?
“A. Well, there was a string of poles out there; they had been changed since 1916.
“Q. What changes has been made in those poles since July, 1916?”
To have permitted him to answer would have been a violation of a well-known rule of evidence and incompetent. The court admitted the evidence so far as it related to the location of the poles at the time the accident occurred. This was the material question involved.
Subsequent alterations or repairs to equipment, machinery and the like, taken in precaution, to safeguard the future against accidents, are not to be accepted or construed as an admission of responsibility for the past; nor taken to mean that the defendant had been negligent before the accident happened, or had knowledge of such defects, if any existed.
*278 To admit such testimony would tend to distract the mind of the jury from the real issue and create a prejudice against the defendant. It might also serve as a check upon remedying defects and discourage future improvements and betterments. Bacon v. Noble, 20 C. C., 281; Columbia & Puget Sound Rd. Co. v. Hawthorne, 144 U. S., 202, and 29 Cyc., 616.
In the case at bar the record discloses it was not proposed to prove that such change in the relocation of poles was actually made by the defendant company, but by a telephone company which had poles constructed near by.
It is also contended that the trial court erred in admitting the testimony of Rev. E. A. Cush, Dr. Dunton and Vernon R. Stout, as to the declarations of Clifford Decker made shortly after the accident. We think a proper foundation was laid in the cross-examination of Clifford Decker to warrant the admission of such testimony. The trial court was asked to instruct the jury that the testimony of Rev. Cush, Dr. Dunton and Mr. Stout’should be limited to reflect upon the credibility of the witness, Clifford Decker. The trial court, we think, did not err in refusing to so limit such testimony. Had the court erred in not limiting such testimony at the time of its admission, it was the duty of counsel for plaintiff in error to have presented the matter to the trial court either in a request for a special charge before argument, or at the time of the general charge, in order to lay the foundation for error. This was not done.
The court gave special charge No. 1 requested by plaintiff before argument as to the duties of the *279 defendant in approaching the Fairview crossing. This charge sufficiently covered that question and the other special charges on that subject were properly rejected. Limbaugh v. Western Ohio Rd. Co., 94 Ohio St., 12.
Special charge No. 2 was as follows:
“An invitation to the public is implied to come upon the premises of the traction company, at proper places to do business with it, and a license or even an invitation may be implied where the company constructs, maintains and permits the use of a crossing not originally public under such circumstances that all persons who desire to use it may do so in the well-founded belief that it is a public crossing.”
The court properly refused this charge, as the evidence disclosed that the roadway and crossing were not public, but private.
Counsel for plaintiff in error particularly complained of the refusal of the court to give.special charges Nos. 6 and 7, which were as follows:
“Even though you should, find that there was some act of negligence upon the part of the driver of the automobile, I charge you that Gertrude Perrill can not be held responsible for such nor can it be imputed to her if you further find that said automobile was the property of Kate Decker and that Gertrude Perrill at the time of the accident was simply riding in the same as the invited guest of Kate Decker.”
“Notwithstanding the fact that you may find that the death of Gertrude Perrill resulted from the negligence of the Traction Company combined or concurring with negligence on the part of the *280 driver of the automobile in which she was riding, the plaintiff would, nevertheless, be entitled to your verdict, if you find that the automobile was the property of Kate Decker and that - Gertrude Perrill at the time of the accident was simply riding in the same as an invited guest.”
We think both of these charges ignore the question of contributory negligence. In the case of Toledo Railways & Light Co. v. Mayers, 93 Ohio St., 304, syllabus 2, it was held:
“Though plaintiff was required to exercise ordinary care for his own safety and to reasonably use his faculties of sight and hearing to observe and avoid the dangers incident to crossing such track, an instruction that he ‘was not exonerated from any duty at all by reason of the fact that he himself was not driving the machine,’ is erroneous.”
The contributory negligence of the deceased, it is claimed, was not made an issue by the pleadings. The failure of the defendant to plead contributory negligence is not conclusive. If contributory negligence arises as an inference from the plaintiff’s own evidence it must be recognized as an issue in the case. In Rayland Coal Co. v. McFadden, 90 Ohio St., 183, it is held:
“In such case, the issue of contributory negligence is not made by the pleadings, but is raised by the evidence properly offered b)r the parties in support of their respective claims as made in the pleadings. The issue of contributory negligence thus raised is to be determined by the same rules as to burden of proof and otherwise as if made by the pleadings.”
*281 We think such an inference may arise from the plaintiff’s evidence and the court would not be justified in giving a charge which would ignore that inference. No prejudicial error is found in the general charge. The issues were fully stated and explained by the trial court and the instructions given covered the essential features of the case.
The evidence has been carefully considered and without analyzing the same in detail we are of the opinion that the verdict and judgment are sustained by sufficient evidence.
Finding no prejudicial error, the judgment is affirmed.

Judgment affirmed.

Allread and Kunkle, JJ., concur.
Judges of the Second Appellate District sitting in place of Judges Walters, Sayre and Middleton, of the Fourth Appellate District.