BRENTSON, Appellee,

v.

CHAPPELL et al., Appellants.

[Cite as *Brentson v. Chappell* (1990), 66 Ohio App.3d 83.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56500.

Decided Feb. 12, 1990.

*George Samakis* and *Nelli Conrad,* for appellee.

*Kuepper, Walker, Hawkins & Chulick* and *William A. Walker,* for appellants.

JOHN V. CORRIGAN, Judge.

Defendants-appellants Isaac and Francis Chappell ("appellants") appeal a jury verdict in favor of plaintiff-appellee Pamela Brentson ("appellee") in the amount of $10,000. The facts giving rise to the instant appeal are as follows:

Appellants owned the premises located at 1758 Wymore Avenue, in the city of East Cleveland, Ohio. On November 3, 1984, appellee became a tenant in Apartment No. 7 of appellants' building. At trial, testimony revealed that the rental premises at 1758 Wymore Avenue had many electrical power outages requiring the Cleveland Electric Illuminating Company ("CEI") to inspect the building.

On November 19, 1984, appellee was watching television in her apartment at approximately 11:45 p.m. While appellee was walking in her living room toward the couch, the lights in her apartment went out. Appellee testified that as a result of the blackout, she lost her balance and fell through a glass table top, suffering permanent injuries to her left arm and hand.

On November 6, 1986, appellee filed a complaint alleging that appellants negligently failed to have the situation of power failures remedied, and as a

proximate result of appellants' negligent conduct, she sustained serious injuries to her left arm and hand. An arbitration hearing was conducted on February 25, 1988, wherein the arbitration panel found for appellants. Appellee filed an appeal de novo on March 31, 1988, and on August 29, 1988, a jury trial commenced.

On September 1, 1988, the jury returned a verdict in favor of appellee in the sum of $10,000. On September 6, 1988, the jury's verdict was journalized and final judgment was entered.

Appellants filed a timely notice of appeal and subsequently raised the following assignments of error:

"I. The court erred in not granting defendant-appellants' requested motion in limine to preclude evidence relative to any electrical failures within plaintiff-appellee's apartment since, in the list of witnesses and orally, plaintiff-appellee indicated she intended to call no expert to prove the cause of said failure.

"II. The court erred in allowing hearsay testimony, testimony of subsequent changes and opinion testimony by lay witnesses, all to the prejudice of defendant-appellants.

"III. Where plaintiff-appellee's attorney, in the opening statement, does not state facts which he intends to prove that would make a prima facie case against the defendant-appellants, the court should have granted the motion for directed verdict.

"IV. At the end of the plaintiff-appellee's case, since there was no evidence presented as to the cause of the power failure, which is the alleged negligence in this case, nor that the power failure was proximately caused by any activities of the defendant-appellants and that the only evidence was that there was a blown fuse in the plaintiff-appellee's apartment, the plaintiff-appellee had failed to establish the elements necessary of the case, and the motion for directed verdict should have been granted.

"V. The verdict is against the weight of evidence based on passion and prejudice and, in fact, is unsupported by any competent evidence and, therefore, it is contrary to law and should be reversed."

Appellants' first assignment of error contends that the trial court erred in denying their motion *in limine*. Appellants argued that without expert testimony as to the cause of the power failures any testimony relative to the power failures would be prejudicial and therefore subject to exclusion by way of their motion *in limine*. Said motion without any date stamp was located in the file and further the docket reveals no ruling by the trial court. Counsel for the parties, however, did state during oral argument that the trial court

denied this motion as well as two other motions *in limine* submitted by appellees.

A motion *in limine* seeks an anticipatory ruling that evidence will probably be inadmissible, so it should be excluded until the opponent demonstrates its propriety. *State v. Maurer* (1984), 15 Ohio St.3d 239, 259, 15 OBR 379, 396, 473 N.E.2d 768, 787; *Rich v. Quinn* (1983), 13 Ohio App.3d 102, 105, 13 OBR 119, 122, 468 N.E.2d 365, 369. The ability of a trial court to entertain such motions lies in the inherent power and discretion of the trial judge to control the proceedings. *Rich, supra.*

In the instant case, the record reveals that appellee neither raised the issue of the cause of the electrical failure nor did appellee offer expert testimony during trial on said issue. Thus, the trial court never admitted such testimony. Error, therefore, may not be predicated on the trial court's denial of appellant's motion *in limine* since a final ruling with respect to the contested evidence was not reached by the trial court. *State v. Grubb* (1986), 28 Ohio St.3d 199, 28 OBR 285, 503 N.E.2d 142; see, also, *Sanders v. Mt. Sinai Hospital* (1985), 21 Ohio App.3d 249, 21 OBR 292, 487 N.E.2d 588.

Appellants' first assignment is not well taken and is overruled.

In their second assignment of error, appellants argue that the trial court erred in admitting hearsay testimony, testimony of subsequent changes and opinion testimony.

Appellants initially challenge the testimony of Jane Schofield, the custodian of CEI records. Appellants argued that without expert testimony as to the cause of the power failures any testimony relative to the power failures would be prejudicial and therefore subject to exclusion by way of their motion *in limine*. Said motion without any date stamp was located in the file and further the docket reveals no ruling by the trial court. Counsel for the parties, however, did state during oral argument that the trial court denied this motion as well as two other motions *in limine* submitted by appellees.

R.C. 2317.40 provides in pertinent part:

"A record of an act, condition, or event, insofar as relevant, is competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition, or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission."

In order to authenticate a business record, it is not necessary to present the testimony of the person who made the record. *Hardesty v.*

*Corrova* (1986), 27 Ohio App.3d 332, 27 OBR 389, 501 N.E.2d 81. It is clear that compliance with R.C. 2317.40 was revealed below when Schofield testified as to CEI's records of power outages at 1758 Weymore Avenue. Schofield was the records custodian for CEI; thus, she was an appropriate witness to authenticate the business record. It was unnecessary to present the testimony of the serviceman who made the actual inspections of the premises.

Appellants further challenge Schofield's testimony concerning the fact that the 1758 Wymore Avenue building's main fuse box was increased from 60 amps service to 100 amps service. Appellants contend that such subsequent remedial measures are inadmissible on the issue of negligence.

Subsequent alterations or repairs to equipment, machinery and the like, taken after an event, in precaution to safeguard against accidents, are not admissible to prove negligence or culpable conduct in connection with the event. Evid.R. 407; *Rohr v. Scioto Valley Traction Co.* (1920), 12 Ohio App. 275. To admit such testimony would tend to distract the mind of the jury from the real issue and create a prejudice against the defendant. *Rohr, supra,* at 278.

In the instant case, the record discloses it was not proposed to prove that such change in the fuse box from 60 amps to 100 amps service was actually made by appellant, but by CEI. Schofield testified that the service records indicated that the premises located at 1758 Wymore Avenue required an increase to 100 amps prior to this incident. Accordingly, Schofield's testimony was not inadmissible evidence of subsequent remedial measures pursuant to Evid.R. 407.

Appellants also assert that the trial court erred in permitting both Clarise Cook and appellee to provide opinion testimony. Cook and appellee both testified as to the numerous occasions in which the 1758 Wymore Avenue premises experienced electrical power outages.

Evid.R. 701 permits opinions, and inferences therefrom, by a lay witness rationally based on her perception to help ascertain a clear understanding of the testimony of the witness or to aid the trier of fact with its determination of a fact in issue. *State v. Levine* (June 7, 1984), Cuyahoga App. No. 47620, unreported, 1984 WL 5047. In this case, Cook and appellee testified about the electrical failures they experienced in their homes. Said testimony was based on their own perceptions of the living conditions at 1758 Wymore Avenue; thus, it was properly admissible.

Appellants' second assignment of error is without merit and is overruled.

In their third assignment of error, appellants challenge the trial court's denial of their motion for a directed verdict at the close of appellee's opening

statement at trial. Appellants argue that appellee failed to proffer evidence of a prima facie case of negligence against appellants. Specifically, appellants contend that appellee's counsel failed to address the issue of proximate cause in its opening statement.

Civ.R. 50(A)(1) provides:

"(A) Motion for directed verdict.

"(1) When made. A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence."

■ "A trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel; it must be clear that all the facts expected to be proved, and those that have been stated, do not constitute a cause of action or a defense, and the statement must be liberally construed in favor of the party against whom the motion has been made." *Brinkmoeller v. Wilson* (1975), 41 Ohio St.2d 223, 70 O.O.2d 424, 325 N.E.2d 233, syllabus.

■ Upon a review of this case, it is clear that a disputed question of fact in appellee's counsel's opening statement and the pleadings is present and relates to which of the facts averred proximately caused, or contributed to cause, appellee's injuries. Reasonable minds surely could differ on this issue; thus, appellee was entitled to produce evidence to support her assertions. See *Brinkmoeller, supra.*

Appellants' third assignment of error is not well taken and is overruled.

Appellants argue, in their fourth assignment of error, that the trial court erred in denying their motion for a directed verdict at the close of appellee's evidence. Appellants claim that the issue in the instant case was the cause of the power failure that allegedly led to appellee's injuries. Appellants contend that since appellee presented no evidence on the cause of the power failure, they should have been granted a directed verdict at the close of appellee's evidence.

Civ.R. 50(A)(4) provides:

"(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

If there is substantial competent evidence to support the non-moving party, upon which evidence reasonable minds might reach different conclusions, the motion must be denied. *Hawkins v. Ivy* (1977), 50 Ohio St.2d 114, 4 O.O.3d 243, 363 N.E.2d 367. A motion for directed verdict does not involve the weight· of evidence or the credibility of witnesses, but rather concerns the legal sufficiency of the evidence to take the case to the jury. *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 68, 23 O.O.3d 115, 116, 430 N.E.2d 935, 937.

■ As set forth in appellee's complaint, the issue in the instant case was whether appellants negligently failed to have the situation of power failures and resulting lack of light remedied. Construing the evidence adduced at trial most strongly in favor of appellee, we conclude that appellee presented sufficient evidence to have her case submitted to the jury. Accordingly, the trial court did not err in denying appellants' motion for directed verdict.

Appellants' fourth assignment of error is without merit and is overruled.

In their fifth assignment of error, appellants contend that the jury's verdict in favor of appellee was not supported by competent evidence.

■ "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 80 O.O.3d 261, 262, 376 N.E.2d 578, 579. The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the triers of fact are best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. An appellate court should not easily upset a verdict as contrary to the manifest weight of the evidence. *Id.* at 80, 10 OBR at 410, 461 N.E.2d at 1276.

■ The issue in the instant case was whether appellants negligently failed to remedy the situation of power failures that caused the injuries sustained by appellee the night she fell in her apartment. The record in this case revealed that CEI answered an unusually large amount of power failures at the 1758 Wymore Avenue premises owned by appellants. Many of the residents at these premises notified appellants of these problems, but appellants failed to take any steps to inspect and repair the situation. On the night of November 19, 1984, appellee suffered severe injuries as a result of a power failure after she lost her balance in her blacked-out apartment. There was

ample evidence that appellants were negligent in failing to inspect and repair the situation of power failures and resulting lack of light in the apartments.

Thus, in reviewing the entire record, and in giving the proper deference to the jury's determination, we must conclude the trial court's judgment is supported by competent and credible evidence.

Accordingly, appellants' fifth assignment of error is without merit and is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FRANCIS E. SWEENEY, J., concurs.

DAVID T. MATIA, J., dissents.