GRAHAM et al., Appellants,

v.

CEDAR POINT, INCORPORATED, Appellee.

[Cite as *Graham v. Cedar Point, Inc.* (1997), 124 Ohio App.3d 730.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–97–031.

Decided Dec. 31, 1997.

*Timothy A. Ita,* for appellants.

*J. Michael Vassar* and *John P. Gustafson,* for appellee.

SHERCK, Judge.

This is an appeal from a directed verdict rendered by the Erie County Court of Common Pleas after opening statements were given in a negligence trial.

Because we conclude that the trial court improperly found that plaintiff failed to set forth facts which might entitle him to a judgment in his favor, we reverse.

Appellant, Donald F. Graham,[1] was a regular summer visitor to the Cedar Point Amusement Park operated by appellee, Cedar Point, L.P.[2] On July 20, 1992, appellant slipped and fell on some wet concrete stairs at the Breakers Hotel, which is located in the park on Lake Erie beachfront property. As a result of this fall, appellant suffered injuries and sued the park for money damages.

When this case was first tried, the jury was unable to agree on a verdict and the court declared a mistrial. This appeal concerns the outcome of the second trial.

In the second trial, appellant stated his theory of the case in his complaint and opening statement. Appellant asserted that he was a business invitee and, therefore, appellee had the duty to take reasonable care to keep its premises safe for him and to warn him of latent dangerous conditions. When appellee painted the hotel's concrete steps, appellant argued, it created a surface which would be unusually slick when covered with water from the lake or the nearby water theme park. Appellant stated that appellee virtually conceded this fact when it initially embedded sand in the paint as an abrasive nonslip material. However, a dangerous condition was created, according to appellant, when appellee painted over the abrasive surface so many times that the surface lost its nonslip properties. This constituted a breach of appellee's duty of reasonable care and, combined with the water normally present in the area, was the proximate cause of appellant's fall and his injuries, according to appellant.

Alternatively, appellant argued that appellee might have been responsible for the presence of the water because the accident occurred near a time during which appellee normally mopped the steps. However, during opening statements at the second trial, appellant's counsel conceded that he could not positively identify the source of the water upon which appellant slipped or the length of time it had been on the steps.

Following opening statements, the court held a conference out of the presence of the jury. In that conference, the trial judge pointedly asked appellee's counsel if he had any motions. Appellee's counsel argued a pending motion *in limine* to exclude what he asserted was speculative testimony concerning the source of the

---

1. Donald Graham's wife is also an appellant by virtue of a loss-of-consortium claim. In the interest of clarity, we will refer only to Donald Graham as appellant.

2. The appellee is a limited partnership, rather than a corporation; however, appellee raises no issue on this point.

water. The judge again asked appellee's counsel if he had any motion specifically relating to opening remarks. When appellee's counsel continued to discuss the *in limine* motion, the court specifically asked if he might be interested in putting forth a motion for a directed verdict pursuant to Civ.R. 50(A). To this, appellee's counsel responded, "Yeah. Well, we already had—yeah * * *." While the court permitted appellant to argue against the motion, it ultimately sustained it, concluding that appellant had failed to make out the elements of negligence. Then, citing what it said was a Third Circuit rule, the court permitted appellant to reopen his opening statement. At the conclusion of this second opening statement, the court again sustained the motion for a directed verdict.

Appellant now appeals, setting forth the following single assignment of error:

"The Trial Court, Hon. Robert Walker, sitting by designation, erred in directing a verdict after the conclusion of opening statements in this personal injury/tort action, essentially sua sponte, both as to the subsidiary issue of whether the jury could permissibly find liability based upon the presence of water on the stairs in question, but also as to the ultimate issue of negligence based on improper and negligent maintenance of the stairs in question, especially after one jury (in June 1996) had been unable to find either for the plaintiffs or the defendant and a mistrial was declared, necessitating the second trial here in question."

█ Appellant spends some portion of his argument complaining about the trial judge's role in persuading appellee to make a motion for a directed verdict when it might not otherwise have put forth such a motion. There is, however, a great range of acceptable behavior on the bench. In this case, the judge acted within his discretion in conducting the proceedings. Moreover, since a trial court may *sua sponte* direct a verdict, *Gibbons v. Price* (1986), 33 Ohio App.3d 4, 11–12, 514 N.E.2d 127, 133–135, appellant could not have been prejudiced by the judge's perceived heavy-handedness in stage-managing appellee's motion.

More problematic is the court's decision on the merits. As we noted in *Sapp v. Stoney Ridge Truck Tire* (1993), 86 Ohio App.3d 85, 93, 619 N.E.2d 1172, Civ.R. 50(A) provides that a verdict may be directed "on the opening statement of the opponent, at the close of opponent's evidence or at the close of all the evidence." However, we continued:

" 'A trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel; it must be clear that all the facts expected to be proved, and those that have been stated, do not constitute a cause of action or a defense, and the statement must be liberally construed in favor of the party against whom the motion has been made.' *Brinkmoeller v. Wilson* (1975), 41 Ohio St.2d 223, 70 O.O.2d 424, 325 N.E.2d 233, syllabus.

"A directed verdict may be granted only when a court finds that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for directed verdict is sought. *Mitchell v. Cleveland Elec. Illuminating Co.* (1987), 30 Ohio St.3d 92, 93, 30 OBR 295, 295–296, 507 N.E.2d 352, 353. Both the opening statement and the allegations in the complaint must be considered in determining whether a justiciable cause exists. *Archer v. City of Port Clinton* (1966), 6 Ohio St.2d 74, 76, 35 O.O.2d 88, 89–90, 215 N.E.2d 707, 709. See, also, *Brentson v. Chappell* (1990), 66 Ohio App.3d 83, 89, 583 N.E.2d 434, 438." *Id.* at 93–94, 619 N.E.2d at 1177.

■ To establish negligence, a plaintiff must show that the defendant had a duty toward the plaintiff, that this duty was breached, and that as a proximate result of that breach there was injury or harm to the plaintiff. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 269–270. The problem here, as with most slip and fall cases, lies on the duty-breached side of the equation.

■ It is uncontested that appellant was a business invitee to appellee's establishment. Therefore, appellee owed him a duty of ordinary care in maintaining the premises in a reasonably safe condition so that appellant was not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. However, there is no duty to protect an invitee from perils which are open and obvious, *id.* at 203–204, 18 OBR at 267–268, 480 N.E.2d at 475–476, or, in the instance of latent dangers, when the defendant is not responsible for, or aware of, the hazard. *Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 589, 26 O.O. 161, 163, 49 N.E.2d 925, 927–928. Thus, where water accumulates because it is tracked in by patrons, *Rayburn v. J.C. Penney Outlet Store* (1982), 3 Ohio App.3d 463, 466, 3 OBR 544, 547, 445 N.E.2d 1167, 1170, or accumulates in a place where it would normally be expected (swimming pool locker room) *Tarescavage v. Meridian Condominium, Inc.* (May 12, 1994), Cuyahoga App. No. 65446, unreported, 1994 WL 189163, liability would not ordinarily attach.

■ In his opening statement, appellant asserted that testimony would be presented showing that the water was neither open nor obvious. Nevertheless, appellant admitted that he could not with certainty prove the source of the water upon which he slipped or the length of time it had been on the step. Ordinarily this admission would be fatal to appellant's case, as he could not show that the defendant had created the hazard or was, or should have been, aware of it. However, in this case, water was only one of two separate causes that appellant alleged were responsible for his fall. Appellant's other allegation was that appellee caused the step to be unreasonably hazardous by painting over the

rough concrete, creating a slick surface which the concrete would not have possessed in its normal state. This condition created by appellee, appellant alleged, became unreasonably slippery when combined with the ubiquitous water from the lake and the nearby water theme park. Water, then, was only a catalyst for the dangerous condition of the step created by painting and improper maintenance.

Construing this allegation liberally in favor of appellant, we conclude that a trier of fact could reasonably find that a defendant's improper maintenance of a nonslip surface could create a latent defect and breach the required duty of care. Consequently, appellant has stated facts which constitute negligence, and the trial court's decision to direct a verdict against him was improper. Accordingly, appellants' single assignment of error is found well taken.

On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed. This matter is remanded to the court for further proceedings consistent with this opinion. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

GLASSER and KNEPPER, JJ., concur.