OPINION
Appellant Raymond Miller appeals a judgment of the Richland County Common Pleas Court dismissing his complaint against appellee Miller and Miller Accountants, Inc., on claims of negligence, accounting malpractice, and breach of fiduciary duty:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DISMISSING PLAINTIFF'S ACTION IN THE MIDDLE OF PLAINTIFF'S CASE WHEN THERE WAS NO DISPOSITIVE MOTION PENDING.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY INTERPRETING A COVENANT NOT TO SUE AS A RELEASE OF DEFENDANT, DESPITE THE FACT THAT DEFENDANT WAS NOT A PARTY TO THAT AGREEMENT, DEFENDANT WAS NOT EXPRESSLY RELEASED BY THE AGREEMENT, AND DEFENDANT WAS NOT EVEN MENTIONED IN THE AGREEMENT.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY TAKING TESTIMONY RELATIVE TO A FACTUAL ISSUE OUTSIDE THE PRESENCE OF THE JURY, AND BY DETERMINING THAT FACTUAL ISSUE IN THE ABSENCE OF CRITICAL TESTIMONY.
In 1992, appellant bought two businesses from Gary Underhill. Refurbco, Inc., the larger of the two businesses, bought returned telephones from manufacturers, and refurbished them for resale. Appellant was informed about the availability of the business by his accountant, Robert Troyer. He hired Troyer to help him evaluate the purchase. Mr. Troyer was employed by appellee at the time, and he informed appellant that appellee had done accounting work for the seller and for this business in the past. Appellee was representing the seller in this transaction. The sale took place, with Troyer acquiring 25 percent of the business, while appellant acquired the remaining 75 percent. After the acquisition, the business deteriorated. Appellant and Underhill negotiated a deal whereby appellant paid Underhill an additional $100,000, Underhill took the business back, and Underhill released appellant from all further payment obligations. As a part of this sale, an agreement not to sue was signed by Underhill, appellant, Troyer, and the two businesses which appellant purchased. Appellant filed the instant suit seeking damages for negligence, malpractice, and breach of fiduciary duty. The case proceeded to jury trial. At the start of trial, appellee made a motion in limine to exclude any evidence of wrongdoing by Troyer, as the covenant not to sue barred all claims by appellant against Troyer. Appellee argued that because of the release, evidence of Troyer's negligence in his role as an investor is irrelevant to the claims against appellee, and should be excluded at trial. The court delayed ruling on the motion in limine until the end of the first day of trial. A jury was seated, and several witnesses testified before the court raised the issue of the motion in limine. At that time, the court reviewed the covenant not to sue, labeled defendant's Exhibit 20.1, and stated from the bench that he believed the language of the release was broad enough to release all claims against appellee. The court determined that the case should be dismissed unless appellant could produce evidence that he signed the document under duress. The court, outside the presence of the jury, ordered appellant to testify concerning the issue of duress. Counsel for appellant objected to this procedure, wanting more time to discuss this issue with his client before he testified. The court ordered appellant to proceed. Following appellant's testimony, the court determined that the covenant not to sue released all claims against appellee, found that the agreement was not signed under duress, and dismissed the complaint.
 I, III
We address appellant's first and third assignments of error together, as both address the procedural mechanism by which the court dismissed the complaint. In its judgment entry, the court stated that it was ruling on a "motion in limine to dismiss". Clearly this is not an appropriate dispositive motion, as a motion in limine is a preliminary order concerning the limitation of introduction of evidence during trial. E.g. Aerosol System, Inc. v. Wells Fargo Alarm Services (1998), 127 Ohio App.3d 486, 496. We therefore turn to the question of whether the court could have properly dismissed the case sua sponte on directed verdict, regardless of his error in calling the motion a "motion in limine to dismiss." Civ.R. 50 (A) (1) provides that a motion for directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence, or at the close of all evidence. When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the non-moving party, finds that reasonable minds could come to but one conclusion and that conclusion is adverse to the non-moving party, the court shall sustain the motion and direct the verdict. Civ.R. (A) (4). While Civ.R. 50 (A) is silent as to the power of the court to grant a directed verdict sua sponte, several courts of appeals have held that if a court determines that reasonable minds could come to but one conclusion, on the evidence submitted, the court should be able to remove issue from the jury upon its own motion. E.g., Gibbons v. Price (1986), 33 Ohio App.3d 4, 11; Graham v. Cedar Point, Inc. (1997), 124 Ohio App.3d 730, 733. While we are mindful of the court's power to sua sponte direct a verdict, the procedure followed by the trial court in the instant case was improper. The court did not direct a verdict at one of the times provided for in Civ.R. 50 (A)(1). Rather, the court determined after one day of trial, before the appellant had finished presenting his case, that he planned to dismiss the case. At the time the court was reviewing the covenant not to sue, the issue had not yet been properly raised during the course of the trial. While appellee raised as an affirmative defense that appellant had released all or part of his claims, the case had not yet proceeded to the point where appellee was presenting evidence on this affirmative defense. Further, the motion in limine was directed solely toward evidence of negligence on the part of Troyer. Having decided without the benefit of evidence presented on the record that the release was potentially dispositive of the case, the court then ordered appellant to testify, over objection of counsel, concerning the issue of duress, which the court sua sponte determined was the sole issue remaining in the case. The court did this outside the hearing of the jury, and nothing in the procedure for directing a verdict sua sponte allows the court to base his decision on evidence heard at a hearing outside the presence of the jury that was called for the purpose of deciding a motion in limine. The first and third assignments of error are sustained.
 II
Because the procedural process by which the court disposed of the instant case was error, the second assignment of error is rendered moot. The second assignment of error is overruled. The judgment of the Richland County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law and consistent with this opinion.
HOFFMAN, J., and FARMER, J., CONCUR.