BRINKMOELLER, GDN., ET AL., APPELLEES, *v.* WILSON;
TAXICABS OF CINCINNATI, INC., APPELLANT.

(No. 74-274—Decided March 26, 1975.)

*Messrs. Wilson, Curry, Stridsberg & Rimedio* and *Mr. Roger C. Stridsberg*, for appellees.

*Messrs. Barbour, Kimpel & Allen* and *Mr. Edward K. Halaby*, for appellant.

CORRIGAN, J. We affirm the judgment of the Court of Appeals.

In reaching our decision we do not hold, and have no intention of implying, that the duty of a taxicab driver to an intoxicated passenger includes acting as a nurse, guardian, attendant or groom to such passenger. Rather, the thrust of our holding is that defendant's motion for a directed verdict, made after counsel for plaintiffs' opening statement in this case, should have been overruled, based upon the totality of facts asserted in the opening statement plus the admissions in defendant's answer, and plaintiffs permitted to present evidence.

The trial court ruled that there was no negligence on the part of the driver of the taxicab.

However, operators of taxicabs for hire are common carriers. *Korner* v. *Cosgrove* (1923), 108 Ohio St. 484.

A common carrier owes the duty to its passenger to exercise the highest degree of care consistent with the practical operation of the taxicab. That duty includes affording the passenger a reasonably safe place to alight and extends to conditions within its control, and does not extend to vehicles operating in streets over which it has no

control. See *Baier* v. *Cleveland Ry. Co.* (1937), 132 Ohio St. 388.

In view of this legal duty of the carrier, it appears to us that the trial court would have been in a much better position, after plaintiffs' case was completed, to examine the evidence for negligence of defendant, if any, and then to pass upon a motion for a directed verdict, if made at that time, in the light of the applicable law.

In passing on the motion in question, the trial court ruled further that Mrs. Brinkmoeller was negligent as a matter of law, which negligence contributed proximately to the accident.

Contributory negligence, when set up as a defense to an action for injuries alleged to have been caused by the defendant's negligence, means any want of ordinary care on the part of the person injured, which combined and concurred with the defendant's negligence and contributed to the injury as a proximate cause thereof, and as an element without which the injury would not have occurred.

The trial judge did not so state, but, if he concluded that Mrs. Brinkmoeller was contributorily negligent as a matter of law because of her intoxicated condition which served as a proximate cause of her injuries, and used that as a reason to grant the motion for a directed verdict, then he was in error in arriving at that conclusion. See *Fagan* v. *Atlantic Coast Line R. R. Co.* (1917), 220 N. Y. 301, 115 N. E. 704, with Judge Cardozo concurring in the opinion and judgment, which, at page 312, held: "The intoxication of the intestate at the time he was assisted from the train was not contributory negligence. He was negligent in becoming intoxicated, but the defendant was bound to reasonably care for him as he was. * * * His intoxication previous to and at the time the defendant unlawfully placed him, as its passenger, in the hazardous situation is not a direct and proximate cause of the injury and therefore not contributory negligence. * * *"

On the question of contributory negligence, if any, a record of plaintiffs' evidence would have been most help-

ful. Because, on the instant motion for a directed verdict, the facts asserted in the opening statement of counsel must be construed most strongly in favor of the party against whom the motion is directed, and, if reasonable minds could come to more than one conclusion upon the determinative issue of contributory negligence of Mrs. Brinkmoeller as a proximate cause of her injuries, then the motion should have been overruled. It seems to us that reasonable minds could differ on this issue under the facts asserted.

This motion for a directed verdict was made under favor of Civ. R. 50(A)(5). The rule is a formal adoption of a procedural principle first passed upon by this court in *Cornell* v. *Morrison* (1912), 87 Ohio St. 215. In that opinion Judge Donahue suggests that a court should exercise great caution in summarily disposing of a case upon the statement of counsel. He states further that a motion for non-suit is an admission by defendant, for the purpose of the motion, of the truth of all the statements plaintiff proposes to establish by the evidence, leaving no disputed question of fact to be determined by the jury, the only remaining question being one of law for the court.

It seems to us that a disputed question of fact on counsel for plaintiffs' opening statement and the pleadings is present and relates to which of the facts averred proximately caused or contributed to cause Mrs. Brinkmoeller's injuries. Reasonable minds surely could differ here on that issue. Plaintiffs should have been permitted to produce evidence to support those assertions.

For the reasons stated, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.