JONES, Appellant,

v.

CITY OF FRANKLIN, Appellee, et al.

[Cite as *Jones v. Franklin* (1995), 102 Ohio App.3d 114.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA94–08–074.

Decided March 27, 1995.

*Ruschau, Lehman & Hobbs* and *Steve J. Ruschau,* for appellant.

*James W. Gustin & Associates, James W. Gustin* and *John E. Brehm, Jr.,* for appellee.

WILLIAM W. YOUNG, Judge.

On July 6, 1990, plaintiff-appellant, Jeffrey D. Jones, was operating a cement truck owned by his employer, Weidle Concrete, on Oxford Street in Franklin, Ohio. As Jones drove down Oxford Street, he passed beneath a railroad bridge, striking the underside of the bridge with the top of his truck. The railroad bridge that Jones struck had a clearance of eleven feet six inches, while the truck was approximately thirteen feet tall. At the time of the accident, there were no signs indicating the low clearance of the railroad bridge.

On April 7, 1992, Jones filed suit against defendant-appellee, the city of Franklin, claiming to have suffered a permanent back injury as a result of the accident.[1] In his complaint, Jones alleged that appellee created a nuisance by failing to install a sign to adequately warn oncoming motorists of the railroad bridge's low clearance. Jones also alleged that appellee's negligent failure to install a low clearance sign to warn approaching traffic proximately caused his injuries.

The case proceeded to trial on July 18, 1994. At the close of Jones's opening statement, appellee moved for a directed verdict. The motion was based upon the Supreme Court of Ohio's recent case of *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 632 N.E.2d 502. On August 15, 1994, the trial court entered a directed verdict in favor of appellee.

---

1. The city of Franklin was the only defendant remaining at the time of trial.

In his sole assignment of error, Jones argues that the trial court erred in sustaining appellee's motion for a directed verdict after his opening statement. Pursuant to Civ.R. 50(A), a motion for a directed verdict may be made on the opening statement of the opposing party. However, as the Supreme Court of Ohio stated in *Brinkmoeller v. Wilson* (1975), 41 Ohio St.2d 223, 70 O.O.2d 424, 325 N.E.2d 233, syllabus:

"A trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel; it must be clear that all the facts expected to be proved, and those that have been stated, do not constitute a cause of action or a defense, and the statement must be liberally construed in favor of the party against whom the motion has been made."

A directed verdict may only be granted when a court finds that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for a directed verdict is sought. *Mitchell v. Cleveland Elec. Illum. Co.* (1987), 30 Ohio St.3d 92, 93, 30 OBR 295, 296, 507 N.E.2d 352, 353. When ruling on a Civ.R. 50(A) motion for a directed verdict, a trial court must consider both the opening statement and the allegations contained in the complaint to determine if a justiciable cause exists. *Sapp v. Stoney Ridge Truck Tire* (1993), 86 Ohio App.3d 85, 93, 619 N.E.2d 1172, 1177.

Jones contends that the trial court erred in relying upon *Franks, supra,* in sustaining appellee's motion for a directed verdict. Jones argues that *Franks* is distinguishable from the present case. It is Jones's position that, because Section 2N–15 of the Manual of Uniform Traffic Control Devices ("MUTCD") and R.C. 4511.11(A) require appellee to erect signs between four hundred and seven hundred fifty feet in advance of the entrance to a low clearance structure, appellee's failure to install the signs constitutes a nuisance under R.C. 2744.02(B)(3).

In *Franks*, 69 Ohio St.3d at 349, 632 N.E.2d at 506, the Supreme Court stated:

"Appellants * * * have asked us to expand our nuisance definition to include design and construction defects and the failure to erect the signage. This we decline to do. This court has never held that defective design or construction or lack of signage constitutes a nuisance. These categories simply do not constitute a nuisance as this term has been defined by this court."

Later in the same opinion, the Supreme Court stated that "as a matter of law, * * * the failure to erect proper signage [does] not constitute a nuisance within the meaning of R.C. 2744.02(B)(3)." *Id.* at 351, 632 N.E.2d at 507.

Jones argues that *Franks* holds only that the failure to install a sign does not constitute a nuisance when the installation of the sign is discretionary. Jones

claims that if installation of a sign is mandatory, then failure to install the sign constitutes a nuisance. We disagree.

MUTCD Section 2N–15 states that:

"The Low Clearance (W–42) sign, indicating low overhead clearance at low bridges, underpasses, and other overhead structures, *shall* be used at all points where clearance is less than 13 feet–6 inches. The sign should be erected between 400 feet and 750 feet in advance of the entrance to the structure." (Emphasis added.)[2]

Jones is correct in pointing out that MUTCD is binding upon local authorities. R.C. 4511.11; *Winwood v. Dayton* (1988), 37 Ohio St.3d 282, 284, 525 N.E.2d 808, 810. Jones is also correct in noting that use of the word "shall" establishes a mandatory duty. See *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus; *Perkins v. Ohio Dept. of Transp.* (1989), 65 Ohio App.3d 487, 493, 584 N.E.2d 794, 797–798. However, this section of MUTCD must be read in light of R.C. 2744.01 and 2744.02.

R.C. 2744.01(C) provides that:

"(2) A 'governmental function' includes, but is not limited to, the following:

" * * *

"(i) The enforcement or nonperformance of any law;

"(j) the regulation of traffic, and the erection or nonerection of traffic signs, signals, or control devices[.]"

R.C. 2744.02 provides that:

"(A)(1) For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

"(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political

---

**2.** Section 2N–15 also mandates installation of side clearance and center clearance signs. Section 2N–16 provides for installation of an advance low clearance assembly. The following analysis applies with equal force to these provisions.

subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

" * * *

"(3) Political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, * * * within the political subdivisions open, in repair, and free from nuisance * * *.

" * * *

"(5) * * * Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision * * *."

Pursuant to R.C. 2744.01 and 2744.02, appellee is immune from liability for failing to erect a traffic control device, even where MUTCD mandates installation of the particular traffic control device.[3] Jones's only possible avenue around appellee's immunity was a claim that failure to install a low clearance sign constituted a nuisance under R.C. 2744.02(B)(3).[4] This avenue was closed by the unequivocal language of *Franks* which expressly excludes the failure to install a sign from the definition of a nuisance. The language used by the Supreme Court leaves no room for the distinction put forth by Jones. Reviewing counsel's opening statement and the allegations contained in the complaint, we must conclude that the trial court properly granted a directed verdict. See *Brinkmoeller, supra.* Accordingly, appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

WALSH, P.J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

The city had a duty to erect and maintain signage on the "low bridge" which caused appellant's injuries. Such an open and obvious hazard does not require the exercise of discretion any more than removing low-hanging branches or filling potholes require discretion to be exercised to correct a dangerous condition upon the city's streets or highways.

---

3. The Revised Code contains no statutory provision making a political subdivision liable for failing to install a sign. The mere duty to install a low clearance sign under UMTCD 2N–15 does not establish liability for damages. R.C. 2744.02(B)(5).

4. See, also, R.C. 723.01, which similarly requires municipal corporations to keep streets and highways open, in repair, and free from nuisance.

I believe *Franks, supra,* has been misread and reference to signage therein is not relevant to this cause. For the reasons set forth by the trial court in its decision denying the city's motion for summary judgment, I dissent.