**STIVER et al., Appellants,**

**v.**

**MIAMI VALLEY CABLE COUNCIL et al., Appellees.**

[Cite as *Stiver v. Miami Valley Cable Council* (1995), 105 Ohio App.3d 313.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14729.

Decided June 23, 1995.

*Dyer, Garofalo, Mann & Schultz* and *Douglas A. Hess,* for appellants.

*Berlon & Timmel* and *Robert J. Janes,* for appellees Miami Valley Cable Counsel and Darrin K. Mullins.

*H. Steven Hobbs,* for appellee Kenneth Ledford.

FREDERICK N. YOUNG, Judge.

Pansy Dean Stiver appeals from a judgment awarding her $7,850.58 in her negligence action against Miami Valley Cable Council ("MVCC") and its employee Darrin Mullins. The action stemmed from an incident in which Stiver's vehicle was allegedly forced off the road by a vehicle driven by Mullins and owned by MVCC. The jury initially found that Stiver's damages arising from the accident totaled $15,701.15. However, it also found that Stiver was fifty percent contributorily negligent, and her award was reduced accordingly. Stiver now claims that (1) the trial court erred by furnishing the jury with an instruction on contributory negligence, (2) the jury's finding that she was fifty percent contributorily negligent was against the manifest weight of the evidence, and (3) the trial court erred by not admitting into evidence a bill for a therapeutic spa which allegedly satisfied R.C. 2317.421.

I

On February 16, 1991, Stiver was driving in the left lane of southbound I–75 near the West Carrollton exit. She began to notice a white minivan weaving in and out of traffic. The van pulled alongside of her, passed her, and then shifted into her lane, directly in front of her. Startled, and thinking she was going to hit the van, Stiver swerved off into the median between the northbound and southbound lanes of the highway.

As a result of driving over the rough terrain of the median, Stiver suffered a shoulder injury which eventually required surgery. Following the surgery, Stiver's doctor prescribed a home spa for therapeutic purposes. Stiver purchased from Aurora Spa a therapeutic whirlpool spa, replete with a gazebo, at a cost of approximately $8,000.

At the time of the accident, Stiver noticed that the lettering on the minivan which allegedly ran her off the road had read "Miami Valley Cable Council." She subsequently brought suit against MVCC, which owned the van, and its employee Mullins, who was driving the van at the time of the incident. In their answer, MVCC and Mullins charged that Stiver had been contributorily negligent.

At trial, Stiver testified that Mullins had run her off the road. She also presented the testimony of Patrick Palmer, who witnessed the incident. Palmer essentially corroborated Stiver's claim. Stiver also called as a witness Patrick Cook, who was an employee of MVCC at the time of the accident. Cook was the person at MVCC with whom Stiver had spoken following the accident. Under cross-examination from counsel for MVCC, Cook testified as follows:

"When [Stiver] initially called, she reported that she had been involved in some sort of mishap or accident with one of our Cable Council vans. I asked her on what road it was.

"She said 75 South.

"I asked her if she had been hit; she said no. I asked if she had been cut off. She said, no, not really. I believe she said, I just panicked, hit the brakes and swerved into the median."

At the close of evidence, Stiver attempted to have the bill for her therapeutic spa admitted into evidence pursuant to R.C. 2317.421. The court refused to admit the bill into evidence.

MVCC and Mullins requested that the jury be instructed on contributory negligence. The trial court granted this request. Stiver raised no objection on the record to the court's decision to instruct the jury on contributory negligence.

The jury found for Stiver on her negligence claim and further found that she had suffered damages in the amount of $15,701.15. However, the jury also found that Stiver had been fifty percent contributorily negligent; thus her award was reduced by a corresponding amount to $7,850.58. This appeal followed.

II

In her first assignment of error, Stiver argues that

"The trial court erred to [her] prejudice * * * by instructing the jury as to contributory negligence in that [MVCC and Mullins] failed to submit any competent evidence that [she] was negligent or that said negligence contributed to her injury."

The Ohio Supreme Court has defined contributory negligence as "any want of ordinary care on the part of the person injured, which combined and concurred with the defendant's negligence and contributed to the injury as a proximate cause thereof, and as an element without which the injury would not have occurred." *Brinkmoeller v. Wilson* (1975), 41 Ohio St.2d 223, 226, 70 O.O.2d 424, 425, 325 N.E.2d 233, 235. Contributory negligence is an affirmative defense. R.C. 2315.19(A)(1). It does not bar a complainant from recovering damages which are the direct and proximate result of the negligence of another, so long as the complainant's negligence is "no greater than the combined negligence of all other persons from whom the complainant seeks recovery." R.C. 2315.19(A)(2). However, any compensatory damages the complainant recovers must be reduced "by an amount that is proportionately equal to the percentage of [his] negligence." *Id.*

A trial court does not err by giving a jury an instruction on contributory negligence if the issue "was raised in the pleadings and supported by *some* evidence." (Emphasis *sic.*) *Tyrrell v. Invest. Assoc., Inc.* (1984), 16 Ohio App.3d 47, 50, 16 OBR 50, 53, 474 N.E.2d 621, 625. Moreover, "[o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Civ.R. 51(A).

In this case, Stiver failed to make an objection on the record to the trial court's decision to instruct the jury on contributory negligence. Ordinarily, this failure waives any error for purposes of appeal. *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 24 O.O.3d 316, 436 N.E.2d 1001. There is a "plain error" exception to this rule. *Id.* at 209, 24 O.O.3d at 317, 436 N.E.2d at 1003. However, notice of plain error is only " 'to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Id.* at 209, 24 O.O.3d at 317, 436 N.E.2d at 1003, quoting *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus. In this case, we see no error, plain or otherwise, in the trial court's decision to instruct the jury on contributory negligence.

In our view, the jury could have reasonably concluded from Patrick Cook's testimony that Stiver had overreacted when Mullins shifted into her lane and, therefore, was contributorily negligent. According to Cook, Stiver admitted that she had not been hit or cut off by Mullins, and that she had just panicked and swerved off the road. Since MVCC and Mullins presented some evidence that Stiver was contributorily negligent, the trial court did not err by instructing the jury on comparative negligence.

Stiver's first assignment of error is overruled.

### III

In her second assignment of error, Stiver argues:

"The jury's verdict was against the manifest weight of the evidence in that the verdict was not supported by competent and credible evidence going to all essential elements of the case."

In this assignment of error, Stiver contends that there was no competent, credible evidence to support the jury's verdict, finding her fifty percent contributorily negligent. We disagree. We believe that Patrick Cook's testimony could have allowed the jury to find that Stiver had failed to exercise ordinary care since, according to Cook, Stiver admitted that she had not been cut off by Mullins, and that she "just panicked" when Mullins shifted into her lane. The jury could have also reasonably found that Stiver's failure to exercise ordinary

care was a proximate cause of her injuries, along with Mullins's negligence, without which her injuries would not have occurred. See *Brinkmoeller, supra.* Consequently, we believe the jury's verdict in this case was supported by some competent, credible evidence going to all of the essential elements of contributory negligence, and therefore we cannot reverse it as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

Stiver's second assignment of error is overruled.

## IV

In her third and final assignment of error, Stiver contends:

"The trial court erred by failing to admit into evidence, in absence of evidence to the contrary as to the lack of its reasonableness, a billing statement for a therapeutic spa which had satisfied R.C. 2317.421."

Stiver insists that the bill for her $8,000 therapeutic spa which came complete with a gazebo is a medical bill which should have been admitted pursuant to R.C. 2317.421. The trial court found that the bill did not fall within the ambit of R.C. 2317.421, and refused to admit it as an exhibit since Stiver had failed to put on evidence showing the reasonableness of the spa's costs. Stiver claims that since she met all the procedural requirements imposed by R.C. 2317.421, the bill should have been deemed to be prima facie evidence of the reasonableness of the charges. We find Stiver's claim unpersuasive.

R.C. 2317.421 provides:

"In an action for damages arising from personal injury or wrongful death, a written bill or statement, or any relevant portion thereof, itemized by date, type of service rendered, and charge, shall, if otherwise admissible, be prima-facie evidence of the reasonableness of any charges and fees stated therein for medication and prosthetic devices furnished, or medical, dental, hospital, and funeral services rendered by the person, firm, or corporation issuing such bill or statement, provided, that such bill or statement shall be prima-facie evidence of reasonableness only if the party offering it delivers a copy of it, or the relevant portion thereof, to the attorney of record for each adverse party not less than five days before trial."

R.C. 1.42 provides: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage."

A plain reading of the statute reveals that it pertains to "a written bill or statement" containing "charges and fees * * * for medication and prosthetic devices furnished, or medical, dental, hospital, and funeral services rendered by

the person, firm, or corporation issuing such bill or statement." We believe that it is self-evident that a bill for a therapeutic spa does not fall within any of those categories. More specifically, a bill for a therapeutic spa cannot be considered a charge or fee for medication even though it was prescribed by a doctor, nor can it be deemed a charge or fee for medical services. Indeed, Stiver's contention that the bill for the spa falls under R.C. 2317.421 is apparently predicated upon her failure to acknowledge that, under the statute, the word, "medical" is used, along with the words "dental," "hospital," and "funeral," to modify the noun "services." It is not used to modify the phrases "written bill or statement" and "charges or fees." Thus, not all bills which could be deemed to be medical in nature are covered under R.C. 2317.421. The bill must contain charges or fees for medication or a prosthetic device, or for medical, dental, hospital, or funeral services, if it is to enjoy the benefit of the rebuttable presumption of reasonableness contained in R.C. 2317.421. Accordingly, we conclude that the trial court committed no error in refusing to admit into evidence the bill for the spa.

Stiver's third assignment of error is overruled.

## V

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., concurs.

GRADY, J., concurs separately.

GRADY, Judge, concurring.

I write separately concerning the third assignment of error because I believe that the interpretation of R.C. 2317.421 adopted by Judge Young is overly narrow.

Ordinarily, a jury may not consider as damages debts incurred or amounts spent by a claimant for care and treatment of his or her injuries absent supporting testimony as to the necessity and reasonable value of those services. *DeTunno v. Shull* (1957), 166 Ohio St. 365, 2 O.O.2d 281, 143 N.E.2d 301. An exception is made for the costs of medical and hospital services because such supporting testimony would be an empty ceremony when no evidence suggests that the services were unnecessary or their costs unreasonable. *Wagner v. McDaniels* (1984), 9 Ohio St.3d 184, 9 OBR 469, 459 N.E.2d 561. R.C. 2317.421 codifies that exception, making a bill or statement for such services prima facie evidence of their reasonableness and necessity when it is presented to the

opposing side within five days before trial. Those matters are, of course, subject to rebuttal, but that is the burden of the party opposing the evidence.

The term "medication" as it is used in R.C. 2317.421 is not limited to medicaments, that is, to substances used in therapy. It also reasonably includes therapeutic processes prescribed by physicians. Thus, a course of physical therapy administered by a licensed physical therapist at the direction of a physician is reasonably classified as a medication for purposes of R.C. 2317.421. If that is so, then why is a therapeutic spa purchased by the claimant upon a physician's recommendation not classified in the same way? The answer lies not as much in its nature as in its origin.

The therapeutic spa which plaintiff had installed in her home was purchased commercially from one of several available suppliers who are in competition. Her physician's recommendation may create a presumption that it was reasonably necessary for the plaintiff to have a therapeutic spa, but the price charged by the supplier carries no presumption that its cost was also reasonable or that all the elements of its installation were necessary. Such evidence is readily available, and its presentation would not be an empty ceremony.

R.C. 2317.421 permits introduction of a bill or statement "or any relevant portion thereof." Perhaps the portion of the bill that concerned the cost for only the tub and its plumbing could have been admitted, but that raises the further question of whether all of those costs were necessary and reasonable. There was no effort to introduce a portion of the bill, however.

Evidentiary rulings are within the broad discretion of the trial court and will be the basis of reversal on appeal only when the court abuses its discretion. *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 569 N.E.2d 1056. On this record I find no abuse of discretion in the trial court's exclusion of evidence of the cost of the therapeutic spa purchased by the plaintiff or some portion thereof absent testimony demonstrating that the cost was reasonable and necessary. I would overrule the third assignment of error on that basis.