OPINION
Plaintiffs-appellants, Herbert and Machelle Haynes, appeal a decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendant-appellee, the city of Franklin, Ohio. The judgment of the trial court is affirmed.
In the summer of 1994, Franklin hired Armrel-Byrnes Company, a general contractor, to resurface several roads in the city, including a portion of Trenton-Franklin Road. There were no paved shoulders on Trenton-Franklin Road; rather, the road was abutted either by a combination of grass, dirt, and/or blacktop, or, where berm work had been done, by chips and dust.
A drop-off between the edge of the road and the berm was created as a result of the additional paving material added to the road surface. However, the contract for the resurfacing did not include berm work to remedy the drop. Instead, berm work was to be done by the city's Public Works Street Superintendent and his crew. Although traffic continued to use the road during the construction, there were no signs, barrels, cones or temporary lines marking the edge of the road. Appellant, Herbert Haynes, in the course of his employment, traveled the road eight to ten times a day, five days a week, and was aware of the construction and the berm drop-off.
On the morning of November 3, 1994, Haynes was traveling on the road when the right front tire of his semi tractor-trailer went off the pavement onto the berm. The drop-off at this point was approximately seven inches. The semi jackknifed as Herbert attempted to bring it back onto the road. Before coming to rest, the semi collided with a tree, and Herbert was seriously injured.
On November 1, 1996, appellants filed suit against the city and Armrel-Byrnes. The complaint alleged that "[d]uring the repair and resurfacing of Trenton-Franklin Road, the addition of paving material to the subpaving materials created pavement edge drop-offs of up to seven inches from the traversed surface to the existing berm/shoulder." The complaint further alleged that appellee's injuries were directly and proximately caused by the city's negligence in resurfacing Trenton-Franklin Road, and more specifically by the city's violation of R.C. 2744.02, requiring it to keep its roads free of nuisance. The complaint sought damages for Herbert Haynes' lost wages, pain and suffering, and loss of enjoyment of life, and for Machelle Haynes' loss of consortium.
On September 23, 1998, the city filed a motion for summary judgment in which it argued that it was immune from liability pursuant to R.C. 2744. The trial court overruled the city's motion for summary judgment and the city appealed. This court determined that the order appealed from was not a final appealable order and dismissed the appeal. Before the matter went to trial, the city filed a motion for reconsideration with the trial court, based on this court's decision in Stevens v. Ackman (Dec. 20, 1999), 1999 WL 1255806, Butler App. No. CA99-03-053, unreported. The trial court then granted summary judgment in favor of the city. Appellants appeal, raising one assignment of error.
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
An appellate court must conduct a de novo review of the trial court's grant of summary judgment. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445. Pursuant to Civ.R. 56(C), summary judgment is appropriate only when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing all evidence in favor of the nonmoving party, reasonable minds could only reach a conclusion in favor of the moving party. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
R.C. 2744.02(A)(1) generally exempts political subdivisions from civil liability for injury or death arising out of acts or omissions in connection with a governmental or proprietary function. The maintenance and repair of roads is defined by statute as a governmental function. R.C. 2744.02(C)(2). However, after stating the general rule granting immunity, R.C. 2744.02(B) then lists those actions for which a political subdivision will be liable. Relevant to the issue in the present case, R.C.2744.02(B)(3) provides that political subdivisions are liable for injury "caused by their failure to keep public roads, highways, [or] streets * * * within the political subdivision open, in repair, and free from nuisance."
Finally, R.C. 2744.03 provides additional defenses and immunities which the political subdivision may assert to establish nonliability. Under R.C. 2744.03(A)(5), a political subdivision is immune from liability "if the injury * * * resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources * * * ."
Appellants first contend that the edge drop created in the course of repaving Franklin-Trenton Road constitutes a nuisance under R.C. 2744.02(B)(3), and that the city should be liable for creation of the nuisance and its subsequent failure to remedy the nuisance. Appellants argue that a "political subdivision may not assert the defense of sovereign immunity when it fails to correct this difference in elevation when it creates that difference and has knowledge of its dangerous condition."
This court has held that an edge drop between the road and the berm is not a nuisance within the meaning of R.C. 2744.02(B)(3). See Stevens v. Ackman (Dec. 20, 1999), 1999 WL 1255806, Butler App. No. CA99-03-053, unreported. In Stevens, the road in issue had edge drops up to seven inches. As the defendant in Stevens
was driving along the road, her right front tire went off the pavement. As she tried to return her vehicle to the pavement, she collided with an oncoming car, causing injury to the passengers in that car.
The plaintiffs brought suit, alleging that the seven-inch edge drop was a nuisance which removed Middletown's political subdivision immunity. This court rejected that argument, finding that an edge drop on a city road does not constitute a nuisance under R.C. 2744.02(B)(3). Stevens at *4. This court concluded that the city was entitled to immunity under R.C. 2744.02(A)(1), and that, as a matter of law, the nuisance exception of R.C.2744.02(B)(3) did not apply. Stevens at *4.
Appellants try to factually distinguish the present case fromStevens. Appellants contend that the city should be liable in the present case due to the fact that the edge drop was created as a result of recent construction, whereas in Stevens, the edge drop apparently came into existence over a period of time. We do not find this argument persuasive.
When determining a political subdivision's duty under R.C.2744.02(B)(3) to keep its roadways free from nuisance, the focus is on "whether a condition exists within the township's control that creates a danger for ordinary traffic on the regularly traveled portion of the road." Franks v. Lopez (1994), 69 Ohio St.3d 345,348. However, alleging that a roadway is defectively designed or constructed does not sufficiently demonstrate that a nuisance exists to establish liability under R.C. 2744.02. Id. at 348; Feitshans v. Darke County (1996), 116 Ohio App.3d 14; Englev. Ogburn (Dec. 15, 1999), Adams App. No. 99CA23, unreported;Saulsbury v. Columbus (Mar. 9, 1999), Franklin App. No. 98AP-559, unreported. Rather, the design and construction of a roadway is a matter which involves an exercise of discretion in the use of equipment, supplies, materials, personnel, facilities and other resources. Franks at 349. Accordingly, a political subdivision is immune from liability pursuant to R.C. 2744.03(A)(5), for injuries caused by defective design or construction or roadways.Id.
This same conclusion was reached by the Sixth District Court of Appeals in Henricks v. Wyrick (Oct. 20, 1995), 1995 WL 612926, Fulton App. No. F-95-004, unreported, which this court found persuasive when deciding Stevens, and which is factually similar to the present case. In Henricks, a five-inch edge drop was created in the course of repaving a township road. The plaintiff lost control of her car after her front tire went onto the berm and she tried to return the car to the road. The plaintiff brought suit against the county alleging that it had negligently repaired the road.
Following the reasoning of Franks, the court held that the defective construction or repair of roadways does not constitute a nuisance under R.C. 2744.02. The court specifically stated that an edge drop created in the course of repaving a road does not constitute a nuisance. The court therefore concluded that the political subdivision was immune from liability for any alleged defects in the road created by the repaving. Henricks at *4-5; see, also, Valescu v. Cleveland Metroparks Sys. (1993), 90 Ohio App.3d 516.
Applying these principles to the present case, it is clear that, given the undisputed evidence before the trial court, the city was entitled to judgment as a matter of law. A seven-inch edge drop between the paved road and the berm does not amount to a nuisance as that term has been defined by the Supreme Court of Ohio, and the city is immune from liability for any injuries caused by alleged defects in the road created as a result of the repaving.
Appellants further contend that the city created a nuisance by failing to provide temporary edge lines, cones, barrels or temporary signs to warn motorists of the edge drop. Although citing the lack of temporary edge lines, cones, and barrels as constituting a nuisance, the argument appellants present relates only to the placement of temporary warning signs. App.R. 16(A)(7) requires that an appellant's brief contain the contentions of the appellant with respect to each issue presented for review and the reasons in support of the contentions, with citations of the authorities, statutes, and parts of the record on which appellant relies. This court may disregard an assignment of error if a party fails to argue an assignment of error as required under App.R. 16(A). App.R. 12(A)(2); see, also, State v. Watson (1998),126 Ohio App.3d 316, 321. Accordingly, we will only consider the issue raised by appellants which is argued and supported by legal authority.
Appellants concede that the placement, or nonplacement, of permanent signs are discretionary and subject to immunity. SeeFranks 69 Ohio St.3d 318; Jones v. City of Franklin (1995),102 Ohio App.3d 114. However, appellants argue that there is a distinction between erecting temporary signs and permanent signs. Appellants contend that the posting of temporary signs is nondiscretionary, and therefore conclude that a political subdivision is liable for its negligence in failing to post temporary traffic signs.
The Supreme Court has unequivocally stated that "as a matter of law, the failure to erect proper signage [does] not constitute a nuisance within the meaning of R.C. 2744.02(B)(3)." Franks at 349. Indeed, the Supreme Court pointed out that it "has never held that defective design or construction or lack of signage constitutes a nuisance." Id. Rather, the court has found that the defenses stated in R.C. 2744.03(A)(3) and (5) preclude the imposition of liability on a political subdivision for the failure to install signage. Id. at 349-350.
The very distinction argued by appellants was rejected by the Second District Court of Appeals in Feitshans v. Darke County
(1996), 116 Ohio App.3d 14. In Feitshans, the county failed to erect a temporary sign warning motorists of high water on the roadway. Although ultimately deciding the case on other issues, the court found that the decision in Franks foreclosed the possibility that the failure to erect a temporary sign indicating the high water level was a nuisance under R.C. 2744.02(B)(3). Id.
at 23.
This court, following the holding in Franks, has held that the failure to install signage, even when mandated by the Ohio Manual of Traffic Control Devices ("OMTCD"), is expressly excluded from the definition of a nuisance. Jones, 102 Ohio App.3d at 118. InJones, the political subdivision failed to erect a warning sign which was required by the OMTCD. The plaintiff argued that the absence of the sign mandated by the OMTCD constituted a nuisance, as no discretion was required in its placement. This court rejected that argument, finding that the language in Franks left no room for the required/nonrequired distinction argued by the plaintiff. Id.
We likewise find that the plain language of the Supreme Court leaves no room for the permanent/temporary distinction urged by appellants in the present case. The placement or nonplacement of signs, temporary or permanent, is not a nuisance within the meaning of R.C. 2744.02, as it has been defined by the Supreme Court. Accordingly, the trial court properly granted summary judgment in favor of the city of Franklin. The assignment of error is overruled.
YOUNG, J., concurs.
VALEN, J., dissents.