JOURNAL ENTRY and OPINION
Appellant Roshni Panta, M.D. appeals the jury verdict in favor of appellee Yellow Cab Co. of Cleveland, Inc. and Jamie Hill in Panta's personal injury action. Panta assigns four errors for our review.
 I. THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF'S MOTION FOR DIRECTED VERDICT AND IN SUBMITTING THE ISSUE TO THE JURY INSOFAR AS THE COURT ERRONEOUSLY AND PREJUDICIALLY FAILED TO FIND THAT THE UNDISPUTED EVIDENCE ADDUCED AT TRIAL, INCLUDING BUT NOT LIMITED TO DEFENDANT HILL'S ADMISSION THAT HE WAS SPEEDING, WAS SUFFICIENT AS A MATTER OF LAW TO DIRECT A VERDICT IN PLAINTIFF'S FAVOR ON THE ISSUE OF BREACH OF DEFENDANT YELLOW CAB'S DUTY AS A COMMON CARRIER TO EMPLOY THE HIGHEST STANDARD OF CARE TOWARD THE PLAINTIFF, A TAXICAB PASSENGER.
 II. THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF'S MOTION FOR DIRECTED VERDICT AND IN SUBMITTING THE ISSUE TO THE JURY INSOFAR AS THE COURT ERRONEOUSLY AND PREJUDICIALLY FAILED TO FIND THAT THE UNDISPUTED EVIDENCE ADDUCED AT TRIAL, INCLUDING BUT NOT LIMITED TO DEFENDANT HILL'S ADMISSION THAT HE WAS SPEEDING, WAS SUFFICIENT AS A MATTER OF LAW TO DIRECT A VERDICT IN PLAINTIFF'S FAVOR ON THE ISSUE OF THE DEFENDANTS' AFFIRMATIVE DEFENSE OF SUDDEN EMERGENCY.
 III. THE JURY VERDICT AS TO LIABILITY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW IN LIGHT OF THE FACT THAT THERE WAS NOT SUFFICIENT EVIDENCE FOR A JURY TO PERMISSIBLY FIND IN DEFENDANTS' FAVOR ON THE ISSUE OF BREACH OF DEFENDANT YELLOW CAB'S DUTY AS A COMMON CARRIER TO EMPLOY THE HIGHEST STANDARD OF CARE TOWARD THE PLAINTIFF, A TAXICAB PASSENGER, OR ON THE ISSUE OF THE DEFENDANTS' AFFIRMATIVE DEFENSE OF SUDDEN EMERGENCY.
 IV. THE JURY VERDICT WAS TAINTED AND SHOULD BE VACATED AND/OR REVERSED IN LIGHT OF IRREGULARITIES AND/OR MISCONDUCT IN THE JURY PROCEEDINGS, SPECIFICALLY, DISCUSSIONS OBSERVED AMONG CERTAIN JURORS PRIOR TO INSTRUCTIONS AND PRIOR TO THE ENTIRE JURY'S RETIRING FOR DELIBERATIONS AND REGARDING ISSUES NOT RAISED IN THE TESTIMONY AND EVIDENCE BEFORE THEM.
After reviewing the record and the arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On January 2, 1995, Dr. Roshni Panta was a passenger in a Yellow Taxi Cab operated by Jamie Hill. Panta was on her way to work at the Cleveland Clinic where she worked as a Fellow in the study of infections common in advanced cancer patients. On his way to Cleveland Clinic, Hill drove down Cedar Road Hill at an estimated 30 mph. The posted speed limit was 25 mph. Hill noticed a car approaching rapidly in the lane to his left. Although the parties differ widely as to the speed and severity of the maneuver, Hill maneuvered the cab to the right away from the approaching car. When the cab came to a stop, Panta told Hill that she hit her head and was injured.
Hill called his supervisor to report the incident. Panta asked Hill to take her to the hospital. Hill presented Panta with a form which contained the question "In your opinion was our driver at fault?" Panta wrote and underlined the word "No." She also wrote "Me" to the question "Was anyone hurt?" and wrote Yes to the question "Were you hurt?"
Panta filed a negligence action against Yellow Cab Company, Inc. and Jamie Hill seeking damages for her injuries. At the time of trial, she claimed to suffer from pain and tension in her neck, migraine headaches, and problems with her vision. In addition to her own testimony, Panta presented testimony from Jamie Hill (as if on cross-examination), two of her colleagues, and two of her treating physicians.
After resting her case, Panta moved for a directed verdict on the issue of negligence, arguing that Hill, as a common carrier, owed the highest standard of care to Panta as a passenger. Panta argued that the fact that Hill was speeding was sufficient to establish negligence as a common carrier. The trial court denied the motion for directed verdict, finding that a common carrier is not an insurer of a passenger's safety and a sudden emergency may be a valid defense to a negligence action. The court said that whether there was a sudden emergency was a matter to be determined by a jury.
The defense rested without presenting any evidence. The jury returned a verdict in favor of Yellow Cab Company Inc. and Jamie Hill. This appeal followed.
Because Panta's first and second assignments of error both challenge the trial court's denial of her motion for directed verdict, they will be discussed together. In her first assignment of error, Panta argues the trial court erred in overruling her motion for directed verdict on the issue of negligence. She argues that, because Yellow Cab is a common carrier, Hill owed Panta a high duty of care and that Hill's admission that he was speeding was sufficient to enable the jury to find that he was negligent. In her second assignment of error, Panta argues the trial court erred in overruling her motion for directed verdict because Hill's admission that he was speeding precluded the applicability of the sudden emergency defense.
A motion for a directed verdict is properly granted if, after construing the evidence in the light most favorable to the nonmoving party, reasonable minds could only find in favor of movant on a determinative issue. Gliner v. Saint-Gobain Norton Indus. Ceramics Corp.
(2000), 89 Ohio St.3d 414, 415, 732 N.E.2d 389, 390, reconsideration denied (2000), 90 Ohio St.3d 1419, 735 N.E.2d 457. Koczan v. Graham
(Sept. 27, 2000), Lorain App. No. 98CA007248, unreported. The court's ruling on a motion for directed verdict should be reviewed de novo. Id.,
citing Campbell v. Colley (1996), 113 Ohio App.3d 14, 18, 680 N.E.2d 201,203, discretionary appeal not allowed (1996), 77 Ohio St.3d 1494,673 N.E.2d 150; Howell v. Dayton Power Light Co. (1995),102 Ohio App.3d 6, 13, 656 N.E.2d 957, 961, appeal dismissed (1995),73 Ohio St.3d 1425, 652 N.E.2d 798; Keeton v. Telemedia Co. of S. Ohio
(1994), 98 Ohio App.3d 405, 409, 648 N.E.2d 856, 858. A motion for directed verdict raises a legal question as to the sufficiency of the evidence to take the case to a jury and resolving the motion does not entail weighing the evidence or determining the credibility of the witnesses. Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66,68-69, 430 N.E.2d 935, 938. See, also, Cater v. City of Cleveland
(1998), 83 Ohio St.3d 24, 33, 697 N.E.2d 610, 618; Whitler v. McFaul
(Mar. 9, 2000), Cuyahoga App. No. 75163, unreported, appeal dismissed (2000), 732 N.E.2d 998. "[I]f reasonable minds might reach different conclusions based on some competent evidence favoring the nonmoving side, the motion must be denied." Kubiak v. Wal-Mart Stores, Inc.
(1999), 132 Ohio App.3d 436, 439-440, 725 N.E.2d 334, 336, citing Ramagev. Cent. Ohio Emergency Serv., Inc. (1992), 64 Ohio St.3d 97, 109,592 N.E.2d 828, 837.
Panta argues that Hill's admission that he was speeding at the time of the accident justified a directed verdict on the issue of negligence. We disagree. Our review of the testimony reveals that Hill did admit to speeding on the morning the accident occurred. However, his admission does not necessarily compel a finding of liability.
In Murray v. Roc Lakeside, Inc. (Feb. 18, 1999), Cuyahoga App. No. 75091, unreported, we held that "a finding of negligence is not equivalent to a finding of liability." Murray, citing Hitchens v. Hahn
(1985), 17 Ohio St.3d 212, 214, 478 N.E.2d 797, 799. A defendant whose behavior constitutes negligence can still avail himself of any applicable defenses — one of which is that of a sudden emergency that contributed to an unavoidable accident. Under the "sudden emergency" doctrine, "one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence." Grange Mutual Casualty Co. v. Biehl (March 11, 1998), Summit App. No. 18304, unreported, citing Mapes v. Opper (1983), 9 Ohio App.3d 140,141, 458 N.E.2d 892, 894. To establish a "sudden emergency, the defendant must demonstrate that there was a sudden and unexpected occurrence of a transitory nature which demanded immediate action without time for reflection or deliberation." Grange, citing Miller v. McAllister (1959),169 Ohio St. 487, 160 N.E.2d 231, paragraph six of the syllabus. He must also show that the emergency was not caused by him and that he used the care that a reasonably prudent person would use under the same circumstances. Grange, citing Radecki v. Lammers (1968), 15 Ohio St.2d 101,238 N.E.2d 545, paragraph two of the syllabus.
In this case, Hill testified as follows:
 We had traveled down Cedar Road Hill at a moderate rate of speed, between 25 and 30 miles per hour. We had cleared the bridge, and we were at the bottom of the hill. At this point this area is level, it is flat. I began to notice out of my left side, my left eye, that there was a vehicle that was beginning to overtake me at a much greater rate of speed. I didn't take any notice of it. I mean, he has the right to overtake me. It is my responsibility to keep my vehicle in my lane, which I did. * * * As this vehicle overtook me, he went from the left lane to my lane and cut me off. At that point I began to brake, pump — pump my brakes and turn to the right to avoid contacting this vehicle.
* * *
Q: When you say he cut you off, how close was he?
 A: We were within pins, hairs. That's how close he was.
(Tr. 92-93.)
Construing this evidence most strongly in favor of the nonmovants, as must be done when reviewing a directed verdict motion, we conclude that reasonable minds could differ as to whether Hill demonstrated a "sudden emergency." The fact that Yellow Cab is a common carrier does not preclude assertion of the "sudden emergency" defense. It is true that cab drivers are common carriers. Brinkmoeller v. Wilson (1975),41 Ohio St.2d 223, 225, 325 N.E.2d 233, 235, citing Korner v. Cosgrove
(1923), 108 Ohio St. 484, 141 N.E. 267 at paragraph two of the syllabus. As such, they have the duty to exercise the highest degree of care consistent with the operation of the taxicab. Brinkmoeller,41 Ohio St.2d at 225-226, 325 N.E.2d at 235. See, also, Neighbarger v. CentralOhio Transit Auth. (1982), 9 Ohio App.3d 83, 84, 458 N.E.2d 388, 389;Dietrich v. Community Traction Co. (1964), 1 Ohio St.2d 38, 41,203 N.E.2d 344, 347; Cotrill v. Laketran (Nov. 19, 1999), Lake App. No. 98-L-169, unreported; Mallard v. Greater Cleveland Regional TransitAuthority (June 5, 1997), Cuyahoga App. No. 70761, unreported. However, a common carrier is not an absolute insurer of passenger safety and his responsibility does not extend to factors beyond his control. Wade v.Regional Transit Authority (Oct. 29, 1992), Cuyahoga App. No. 61241, unreported. In this case, Yellow Cab and Hill went forward with evidence that supported their sudden emergency defense. Because the sudden emergency doctrine provides a defense to a claim of negligence, we conclude the trial court properly denied Panta's motion for directed verdict on the issue of liability. Panta's first and second assignments of error are overruled.
In her third assignment of error, Panta argues the jury's verdict was against the manifest weight of the evidence and was not supported by sufficient evidence. When deciding if a verdict is against the manifest weight of the evidence, we must presume that the jury's findings were correct. Intrinsics Int'l v. Coopers Lybrand (July 13, 2000), Cuyahoga App. No. 76516, unreported. This presumption stems from the jurors' unique opportunity to use their observations of the witnesses to aid in making credibility assessments and resolving conflicting testimony. Id. See, also, Leslie v. Briceley (Dec. 31, 1997), Washington App. No. 97CA10, unreported, appeal dismissed (1998), 81 Ohio St.3d 1498, 691 N.E.2d 1058. As long as there exists competent credible evidence in the record to support the jury's decision, it will not be reversed as against the manifest weight of the evidence. Id., citing White v. Euclid Square Mall
(1995), 107 Ohio App.3d 536, 538-39, 669 N.E.2d 82, 84. See, also, Wurtsv. Gregg (Jan. 28, 2000), Montgomery App. No. 17682, unreported, discretionary appeal not allowed (2000), 89 Ohio St.3d 1412,729 N.E.2d 383, citing C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578, at syllabus and Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276. Myers v.Garson (1993), 66 Ohio St.3d 610, 614, 614 N.E.2d 742, 745, rehearing denied (1993), 67 Ohio St.3d 1439, 617 N.E.2d 688.
As set forth in our resolution of Panta's first and second assignments of error, Yellow Cab and Hill presented evidence that Hill's decision to swerve his cab was the result of the unexpected intrusion of another vehicle into his lane of travel. Although Panta testified that the other vehicle did not cut the cab off, this conflicting testimony was apparently resolved by the jury in favor of Yellow Cab and Hill. We cannot substitute our judgment for that of the jury. Therefore, we overrule Panta's third assignment of error.
In her fourth assignment of error, Panta argues the jury verdict was tainted by juror misconduct and should be vacated. In support of this assignment of error, she points to her affidavit filed with the trial court in which she avers that she overheard a conversation between several jurors during a break in the trial.
 I, Roshi Panta, solemnly declare that on the Morning of Wednesday the 20th of October 1999, during the short breake (sic) following my testimony, before the jury was Instucted (sic); outside the Court room, I very clearly over-heard a WOMAN JUROR saying to a man JUROR to her right side and Another WOMAN JUROR to her left almost communicating to others in her loudness She (sic) said;
 "C3-C4 Spondylosis is what is giving her stiffness that is why she walks with stiff neck[.]"
 I looked towards the direction of these words, This WOMAN JUROR was engaging others others (sic) in this discussionout-side (sic) in corridor.
 These three JURORS were discussing and making Diagnosis that no Doctor in that trial had even mentioned.
Panta argues that the jurors' discussion of the case prior to the start of deliberations arguably impugned the verdict. However, according to the affidavit, the allegedly improper conversation took place on October 20, 1999, before the jury began deliberating. Panta averred that she overheard the conversation. Therefore, she knew about the improper conversation before the jury retired to deliberate the case. However, she failed to bring it to the trial court's attention before deliberations began or even after the verdict was announced on October 21, 1999. In fact, the affidavit was not filed with the trial court until November 19, 1999. Under the circumstances, we conclude that Panta has waived the right to assert any error in the allegedly improper conversation. InHancock v. Norfolk Western Railway Co. (1987), 39 Ohio App.3d 77, 86,529 N.E.2d 937, 946, this court held that a party with knowledge of juror misconduct who fails to notify the trial court of such misconduct is barred from arguing that the misconduct constitutes grounds for a new trial.
 A timely objection to juror misconduct must be made. Counsel cannot be permitted to go forward in silence hoping that the verdict will be favorable to him and then, if it is unfavorable, come in and procure a new trial on that ground.
Bennett v. Gearhart (June 17, 1996), Ross App. No. 94CA2073, unreported. (Citations omitted.) See, also, Bell v. Mt. Sinai Medical Ctr. (1994),95 Ohio App.3d 590, 599-600, 643 N.E.2d 151, 158, discretionary appeal not allowed (1994), 71 Ohio St.3d 1414, 641 N.E.2d 1112; Decato v.Goughnour (Mar. 16, 2000), Mahoning App. No. 98 CA 16, unreported, citingLewis v. Pizza Rack, Inc. (Mar. 23, 1992), Stark App. No. CA-8530 ("A party with knowledge of a juror's misconduct must make a timely objection and is not permitted to take his chance on a favorable verdict and if unfavorable, get a second bite of the apple.")
Because we conclude that Panta waived her right to argue juror misconduct by not raising the issue before the trial court, we overrule her fourth assignment of error. The judgment of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and JOSEPH N. NAHRA*, J., CONCUR.
* SITTING BY ASSIGNMENT: JUDGE JOSEPH J. NAHRA, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.