DECISION AND JUDGMENT ENTRY
This is an appeal from judgments of the Wood County Court of Common Pleas which, following a jury trial, found for the appellees in this action brought by appellants seeking damages for injuries suffered as a result of an automobile collision, and which denied appellants' motion for judgment notwithstanding the verdict. For the reasons that follow, this court affirms the judgment of the trial court.
Appellants set forth the following assignments of error:
 "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS IN FAILING TO GRANT PLAINTIFFS' MOTIONS FOR DIRECTED VERDICT.
 "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS IN FAILING TO GRANT PLAINTIFFS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, A NEW TRIAL.
 "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS IN ALLOWING PREJUDICIAL COMMENTS FROM COUNSEL, WITHOUT PROPER CURATIVE INSTRUCTION."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On the morning of October 5, 1996, while driving along eastbound Eckel Junction Road in Perrysburg, Ohio, appellant David Creps collided with the rear portion of a tractor-trailer rig driven by appellee Glenn McCoy. At the time of the accident, McCoy had been positioning his truck to back from a lot on one side of Eckel Junction Road into the loading area of a business on the other side of the road. During this maneuver, part of the rear of McCoy's trailer was extending into the roadway. Appellants David Creps and his mother filed this action on May 5, 2000, after a complaint that had been filed earlier was dismissed. In the refiled complaint, appellants claimed that the accident occurred as a result of McCoy's negligence in operating his truck. In their answer, appellees asserted that Creps contributed to his own injuries and damages by failing to drive in a manner insuring that he could stop within the assured clear distance ahead as required by statute.
The case proceeded to trial before a jury on November 15, 2000. Appellants moved for a directed verdict as to liability at the close of appellees' opening statement and the motion was denied. Appellants then called McCoy to testify as if on cross-examination. McCoy testified that on the morning of the accident, he drove his truck along Eckel Junction Road toward Sun Coatings, where he was going to make a delivery. McCoy stated that his plan was to turn into a parking lot across from Sun Coatings and then back straight across the road into the Sun Coatings delivery area. As McCoy began to back across the road, the rear portion of the truck was struck by Creps as he drove eastbound along Eckel Junction. McCoy testified that he had a clear view out his windows, that he used both mirrors as he backed up, and that there was no traffic that he could see on the road.
Creps also testified as to the events leading to the accident. He stated that he was traveling eastbound on Eckel Junction at about thirty-five m.p.h. when all of a sudden he hit the truck. Creps stated that there were trees and bushes on both sides of the road. Creps further testified that he did not have a chance to apply the brakes before the impact. Creps also testified as to his injuries and medical treatment following the accident.
The parties also presented videotaped testimony of several treating physicians as well as other physicians who were called as expert witnesses on the issue of appellants' damages.
Appellants renewed their motion for a directed verdict at the close of appellees' case and the trial court again denied the motion. On November 17, 2000, the jury returned a verdict in favor of appellees. On November 22, 2000, appellants filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial. In their motion, appellants asserted that McCoy's entrance onto the roadway constituted negligenceper se and the allegation that Creps' visibility was impaired did not alter McCoy's obligation pursuant to R.C. 4511.44 to determine whether his entry onto the roadway could be accomplished safely. Appellants also argued that the failure of the jury to find that McCoy was negligent perse was the result of passion or prejudice. In a judgment entry filed November 28, 2000, the trial court noted that Creps had presented no evidence that McCoy had pulled out in front of him suddenly and that Creps had indicated he did not see the truck before the collision. The trial court found that: 1) the jury was not influenced by passion or prejudice; 2) it was clear from the verdict that the jury felt Creps was the sole negligent party and 3) since Creps admitted that he never saw the truck until he struck it and there were no other witnesses, Creps failed to establish negligence on McCoy's part. The trial court concluded that the jury could reasonably have found that Creps had failed to maintain an assured clear distance and was more than fifty percent negligent in causing his own injuries, and denied appellants' motion. It is from that judgment that appellants filed a timely appeal.
In their first assignment of error, appellants assert that the trial court erred by denying their motions for a directed verdict. In support of their motion made at the conclusion of appellees' opening statement, appellants assert that counsel for appellees set forth facts which established McCoy's negligence, did not set forth any facts establishing negligence on the part of Creps, and "linked" an injury to the accident. Appellants assert that counsel's comments constituted "judicial admissions" that laid a foundation sufficient to support a directed verdict.
Civ.R. 50(A)(4) provides:
 "* * * When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
In Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284-285, the Supreme Court of Ohio observed:
 "The law in Ohio regarding directed verdicts is well formulated. In addition to Civ.R. 50(A), it is well established that the court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing of a directed verdict motion. [Citation omitted.] Thus, `if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied. Kellerman v. J.S. Durig Co. (1964), 176 Ohio St. 320 * * *.' Hawkins v. Ivy (1977), 50 Ohio St.2d 114, 115."
Civ.R. 50(A) provides that a verdict may be directed "* * * on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence." The Supreme Court of Ohio, however, cautions that "[a] trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel; it must be clear that all the facts expected to be proved, and those that have been stated, do not constitute a cause of action or a defense, and the statement must be liberally construed in favor of the party against whom the motion has been made." Brinkmoeller v. Wilson
(1975), 41 Ohio St.2d 223, syllabus.
In support of the motion for a directed verdict made after defense counsel's opening statements, counsel argued that there had been "no indication" of negligence on the part of Creps, that nothing had been "brought out" to suggest that Creps did anything "improper," and that defense counsel had admitted that Creps had been injured in the accident, all of which entitled Creps to a directed verdict on the issue of liability.
Appellants claimed that McCoy was negligent per se for violating R.C.4511.44, which states:
 "The operator of a vehicle * * * about to enter or cross a highway from any place other than another roadway shall yield the right of way to all traffic approaching on the roadway to be entered or crossed."
McCoy asserted as an affirmative defense that Creps had operated his vehicle in violation of R.C. 4511.21, which states, in relevant part:
 "(A) No person shall operate a motor vehicle * * * at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle * * * in an upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
In his opening statement, counsel for McCoy raised such issues as whether Creps was traveling at a speed that would not allow him to stop within the assured clear distance ahead of him, whether the truck was clearly an object on the roadway, and whether Creps had the opportunity to stop but did not. The trial court denied the motion made after opening statements on the basis that there could be questions as to whether Creps was looking where he was going and whether he saw the truck ahead of him.
Upon review of defense counsel's opening statement, this court finds that it was not clear, at the conclusion of the statement, that all of the facts expected to be proved, and those that were stated, did not constitute a defense. Accordingly, the trial court did not err by denying appellants' motion for a directed verdict at that time.
Appellants also assert that the trial court erred by denying their renewed motion for a directed verdict at the close of all of the evidence. Upon renewing the motion, appellants again argued that the defense had not presented any evidence of negligence on the part of David Creps. The trial court denied the second motion, finding that the evidence created issues for the jury as to whether Creps failed to allow an assured clear distance between his car and the truck and whether the position of McCoy's truck on the road was the result of negligence on his part.
Applying the law as set forth above to the evidence presented at trial, this court finds that there was substantial competent evidence upon which reasonable minds could reach different conclusions as to the possible negligence of McCoy, and that the trial court did not err by denying appellants' renewed motion for a directed verdict.
Based on the foregoing, appellants' first assignment of error is not well-taken.
In their second assignment of error, appellants assert that the trial court erred by denying their motion for judgment notwithstanding the verdict or, in the alternative, a new trial. Appellants again argue that McCoy's actions constituted negligence per se. Appellants do not separately argue the issue of the trial court's denial of their motion for a new trial.
The standard of review for a Civ.R. 50(B) motion for judgment notwithstanding the verdict is the same as that to be applied on a motion for a directed verdict. The question presented is one of law; therefore, review of the motion does not entail a weighing of the evidence or an assessment of the credibility of the witnesses. Osler v. Lorain (1986),28 Ohio St.3d 345. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record are construed most strongly in favor of the party against whom the motion is made, and where reasonable minds could, upon this evidence, reach different conclusions, the motion must be denied.
Posin v. A.B.C. Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271,275.
In its judgment entry denying appellants' motion for judgment notwithstanding the verdict, the trial court noted that appellants claimed the judgment was not sustained by the weight of the evidence. The trial court noted, however, that there was no evidence presented that Creps had applied his brakes or made any effort to stop before striking the truck, that there was no evidence that McCoy's truck had pulled out suddenly, and that Creps had indicated he did not see the truck before the collision. The trial court found that the jury could reasonably conclude that Creps had failed to maintain an assured clear distance and was more than fifty percent negligent in causing his own injuries. As to Creps' claim that McCoy was negligent, the trial court further noted that Creps had failed in his burden of proof to establish negligence on McCoy's part and further noted that it was clear from the verdict that the jury felt Creps was the sole negligent party.
Construing the evidence most strongly in favor of appellees, this court finds that reasonable minds could reach different conclusions, and the trial court therefore properly denied appellants' motion for judgment notwithstanding the verdict. Accordingly, appellants' second assignment of error is not well-taken.
In their third assignment of error, appellants assert that the trial court erred by failing to give proper curative instructions when defense counsel made prejudicial comments during opening statement and closing argument. Appellants claim defense counsel implied that one of the treating physicians was hired solely to provide favorable testimony. Appellants cite the following statement by defense counsel as being prejudicial:
 "David left Dr. Hoeflinger and went to a Dr. Ruth O'Keefe, another orthopedic surgeon in Toledo. Dr. O'Keefe never undertook any particular treatment of David. Her point I guess was to assess for [plaintiffs' counsel] what the injury was."
When appellants' counsel objected, the trial court instructed the jury as follows:
 "* * * Ladies and Gentlemen, this is just opening statements of counsel, it is not evidence. You are going to decide the case on the basis of the evidence only and not on the statements of counsel. So I caution you in that regard."
Upon consideration of the comment in question, this court sees nothing improper or prejudicial. In fact, the comment was simply commentary on the doctor's role in evaluating the injuries and communicating that information to counsel and to this court appears quite innocuous. Nevertheless, the trial court responded appropriately by explaining to the jury, as it had already done before the trial began, that opening statements were not evidence.
Appellants also assert that defense counsel referred to matters not in evidence when he stated that no one knew who referred David Creps to Dr. O'Keefe. Again, we find counsel's comment innocuous and not in the least prejudicial. Further, we note that appellants' counsel did not object to the comment made during closing or ask the trial court for a curative instruction.
Based on the foregoing, we find appellants' third assignment of error not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed.
Costs of this appeal are assessed to appellants.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Richard W. Knepper, J.
Peter M. Handwork, J. and Mark L. Pietrykowski, P.J. CONCUR.